### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK J. MAZUR,  ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v.  ) | |
| ) | |
| E.L.M. ENTERPRISES, INC. d/b/a SIGN ) | |
| INNOVATION, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

### COMPLAINT

Plaintiff, Frank J. Mazur, by and through his undersigned counsel, states that he has a cause of action against Defendant, E.L.M. Enterprises, Inc. d/b/a Sign Innovation, and in support thereof avers as follows:

**I.     JURISDICTION**

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 to hear Plaintiff's Complaint and to adjudicate his claims under the federal Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("**FLSA**").

2. Plaintiff also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims brought under the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333.101, et. seq. ("**PMWA**").

3. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked in this district for Defendant, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**II.     PARTIES**

4. Plaintiff, Frank J. Mazur ("**Mazur**"), is an adult individual residing at 222 Evergreen Mill Road, Harmony, PA 16037.

5. Plaintiff was an "employee" within the meaning of within the meaning of Section 203(e)(1) of the FLSA and Section 333.103(h) of the PMWA.

6. Mazur worked for Defendant as a "Purchasing Agent" until he was laid off on August 15, 2017.

7. Defendant, E.L.M. Enterprises, Inc. is a corporation formed under the laws of Pennsylvania with a registered address of 217 Terrace Avenue, Zelienople, PA 16063.

8. Defendant is registered to do business in Pennsylvania as "**Sign Innovation**" with a place of business located at 50 Halstead Boulevard, #17, Zelienople, PA 16063.

9. Sign Innovation is an "employer" engaged in interstate commerce and/or production of goods for interstate commerce, within the meaning of Section 203(d) of the FLSA and Section 333.103(g) of the PMWA.

10. Upon information and belief, Sign Innovation is a custom manufacturer of signage, graphics, point of purchase displays, awnings, fixtures, and architectural details.

11. Upon information and belief, Sign Innovation operates in interstate commerce by providing signage services to consumers in the Commonwealth of Pennsylvania which are distributed in the Commonwealth and throughout the United States.

**III.    FACTUAL BACKGROUND**

**A.     Mazur's Job Duties Decrease.**

12. On January 2, 2011, Mazur began working for Sign Innovation at its offices located in Zelienople, Pennsylvania.

13. At all times relevant herein, Mazur was:

   a. employed as a "Purchasing Agent;"

   b. compensated as an hourly employee;

   c. a full-time "at will" hourly employee of Sign Innovation; and

   d. a non-exempt employee.

14. During his first 4 ½ years of employment, Mazur was a high functioning employee and completed duties such as:

   a. carrying out warehouse and inventory control policies and procedures;

   b. coordinating product deliveries;

   c. negotiating vendor terms, pricing, and deliveries;

   d. reviewing new products; and

   e. communicating with management.

15. During Mazur's last two years at Sign Innovation Ray Roccon, current President of Sign Innovation, bought the business from his father-in-law, Ed Melberg, and hired a new "Operations Manager," Frank Spithaler ("**Spithaler**").

16. After taking over as Operations Manager, Spithaler made several changes.

17. Spithaler never provided Mazur with a new job description, however, Spithaler communicated Mazur's new job duties to him orally.

18. Under Spithaler, Mazur's new job duties required him to have the ability to work with minimal supervision, and consisted of mainly non-discretionary, non-managerial labor.

19. Specifically, Mazur had little discretionary authority whatsoever and could **not**:

   a. freely select new vendors;

   b. negotiate prices;

3

      c.      product source;

      d.      execute contracts; or

      e.      monitor and replenish inventories as necessary.

20.     Rather, Mazur's duties were limited to:

      a.      routine checking of purchase orders;

      b.      emptying trash cans;

      c.      receiving material deliveries;

      d.      carrying stock boxes;

      e.      packing material for shipment; and

      f.      clerical paperwork for receiving and invoicing.

**B.**     **Mazur Receives No Overtime Pay.**

21.     During Mazur's last two years of employment at Sign Innovation, he worked approximately 9.75 hours a day, 48.75 hours a week, 209 hours per month, totaling approximately 2,515 hours per year.

22.     A forty (40) hour work, less holidays, adds up to approximately 2,064 hours per year.

23.     Therefore, Mazur has worked over 900 hours of overtime over the last two years.

24.     Under Spithaler, Mazur was paid his hourly wage of $24.00 an hour, but he was not compensated for hours worked over the forty (40) hour workweek as required by the FLSA and PMWA.

25.     Sign Innovation was aware of the requirements to pay overtime compensation to Mazur.

26. In fact, Page 3 of Mazur's Employee Handbook acknowledges, "[o]vertime rate is paid when an hourly employee has physically worked beyond forty (40) hours."

27. Based upon the foregoing, Sign Innovation systematically and continuously failed to compensate Mazur for hours worked over the forty (40) hour workweek in accordance with both Federal and state law.

## COUNT I
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, et. seq.

28. Plaintiff incorporates the foregoing Paragraphs as though the same were fully set forth at length herein.

29. Mazur was an employee of Sign Innovation within the meaning of 203(e)(1) of the FLSA and is therefore entitled to its protections.

30. Defendant is an employer covered by Section 203(d) of the FLSA.

31. Section 207 of the FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

32. As detailed above, Mazur routinely worked more than forty (40) hours per workweek without receiving any overtime compensation from Sign Innovation.

33. Sign Innovation violated the FLSA by never paying Mazur for any overtime.

34. Accordingly, Sign Innovation willfully violated the FLSA, and showed reckless disregard for the fact that its compensation practices were in violation of these laws.

35. As a direct and proximate cause of Sign Innovation's unlawful conduct, Mazur suffered a loss of income over $32,500.

36. Additionally, under the FLSA, Mazur is entitled to other statutory remedies including, reimbursement for reasonable attorneys' fees and costs incurred related to this claim.

## COUNT II
### Violation of Pennsylvania's Minimum Wage Act
### 43 Pa.C.S.A. § 333.101, et. seq.

37. Plaintiff incorporates the foregoing Paragraphs as though the same were fully set forth at length herein.

38. Mazur was an employee of Sign Innovation within the meaning of Section 333.103(h) of the PMWA and is therefore entitled to its protections.

39. Sign Innovation is an employer covered by Section 333.103(g) of the PMWA.

40. The PMWA entitles employees to compensation for every hour worked in a workweek.  43 Pa.C.S.A § 333.104(a).

41. The Pennsylvania Minimum Wage Act further entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek.

42. Sign Innovation routinely and systematically withheld overtime compensation from Mazur.

43. The withholding of Mazur's overtime compensation is a withholding of wages.

44. Sign Innovation violated the PMWA by routinely failing to compensate Mazur for hours worked in excess of forty (40) a workweek, and with respect to such hours, failed to compensate Plaintiff based upon the overtime premium pay rate of one and one-half times his regular pay rate.

45. As a direct and proximate cause of Sign Innovation's unlawful conduct, Mazur suffered a loss of income over $32,500.

46. Mazur also seeks recovery of all attorneys' fees, costs, liquidated damages, pre-judgment interest, post-judgment interest, and expense of this action that are available under the PMWA.

WHEREFORE, Plaintiff, Frank Mazur, prays for judgment against Defendant, E.L.M. Enterprises, Inc. d/b/a Sign Innovation as follows:

a. A finding that Plaintiff is a non-exempt employee and entitled to protection under FLSA and PMWA;

b. A finding that Defendant violated the overtime provisions of the FLSA and PMWA;

c. A finding that Defendant's violations of the FLSA and PMWA were willful, wanton, and reckless;

d. A finding that Defendant violated the PMWA and the violation has extended thirty (30) days beyond Plaintiff's regular pay date;

e. Judgment against Defendant in the amount of Plaintiff's unpaid back wages at the applicable rates;

f. An award of liquidated damages;

g. An award of attorneys' fees and costs in prosecuting this matter; and

h. All such other relief, in law or equity, as this Court may deem appropriate and just.

Respectfully Submitted,

DILLON MCCANDLESS KING
COULTER & GRAHAM, LLP

Dated:   December 29, 2017          By: /s/ Jordan P. Shuber
    Ronald T. Elliott
    PA. I.D. No. 71567
    Jordan P. Shuber
    PA. I.D. No. 317823

*Counsel for Plaintiff Frank J. Mazur*